B104 (Form 104) (08/07)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NO.**

| **PLAINTIFF(S)** | **DEFENDANT(S)** |
|---|---|
| MARIA D. MIRANDA PALACIO | JOSE J. RIERA CARRION<br>DEBRA KRAMER, TRUSTEE |

| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) | **ATTORNEY(S)** (If Known) |
|---|---|
| MANUEL A. SEGARRA-VAZQUEZ LAW OFFICE<br>ATT: MANUEL A. SEGARRA-VAZQUEZ<br>PO BOX 9021115<br>SAN JUAN, PUERTO RICO 00902-1115<br>787-273-2080/2081 | ALLA KACHAN, COUNSEL FOR DEBTOR<br>415 BRIGHTON AVE., 2ND. FLOOR<br>BROOKLYN, NY 11235 |

**PARTY** (Check One Box Only)
- [ ] Debtor   [ ] U.S. Trustee
- [✔] Creditor   [ ] Trustee   [✔] Other

**PARTY** (Check One Box Only)
- [✔] Debtor   [ ] U.S. Trustee
- [ ] Creditor   [✔] Trustee   [ ] Other

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

DISCHARGEABILTY PURSUANT TO 11 USC § 523 (a) (4), (5), and; (15)
DECLARATORY RELIEF: OWNERSHIP OVER CONJUGAL COMMUNITY PROPERTY UNDER COMMOMWEALTH OF PUERTO RICO LAW

## NATURE OF SUIT
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11 – Recovery of money/property - § 542 turnover of property
- [ ] 12 – Recovery of money/property - § 547 preference
- [ ] 13 – Recovery of money/property - § 548 fraudulent transfer
- [✔] 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [✔] 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
- [ ] 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- [✔] 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [✔] 61 – Dischargeability - § 523(a)(5), domestic support
- [ ] 68 – Dischargeability - § 523(a)(6), willful and malicious injury
- [ ] 63 – Dischargeability - § 523(a)(8), student loan
- [✔] 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71 – Injunctive relief – imposition of stay
- [ ] 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
- [ ] 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
- [✔] 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
- [ ] 01 – Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
- [ ] 02 – Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case)

[✔] Check if this case involves a substantive issue of state law     [ ] Check if this is asserted to be a class action under FRCP 23

[✔] Check if a jury trial is demanded in complaint     Demand: $ 2,500,000.00

Other Relief Sought:

B104 (Form 104) (08/07), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| JOSE J. RIERA CARRION | 13-45022-ess |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| EASTERN DISTRICT OF NEW YORK | BROOKLYN | ELIZABETH STONG |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| [signature] | MANUEL A. SEGARRA-VAZQUEZ |

| DATE |
|---|
| NOVEMBER 15, 2013 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**MANUEL A. SEGARRA-VAZQUEZ LAW OFFICE**
*Counsel for María D. Miranda Palacio*
PO Box 9021115
San Juan, Puerto Rico 00902-1115
masvlaw@onelinkpr.net
www.masegarralaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN THE MATTER OF:**<br><br>**JOSE J. RIERA CARRION**<br>Debtor | CASE NO. 13-45022-ess<br>CHAPTER 7 |
| **MARÍA D. MIRANDA PALACIO**<br>Plaintiff<br><br>Vs.<br><br>**JOSE J. RIERA CARRION;**<br>**DEBRA KRAMER**<br>Chapter 7, Interim Trustee<br>Defendants | Adv. Proceeding No. _____<br><br>Objection to Discharge<br>11 USC § 523 (a) (4), (5), and; (15)<br>Declaratory Relief |

***COMPLAINT***

TO THE HONORABLE COURT:

By counsel MARÍA D. MIRANDA PALACIO, joint community property owner and creditor in the case of caption respectfully states, alleges and prays:

***I. THE PARTIES***

1. Plaintiff, MARÍA D. MIRANDA PALACIO, is of legal age, divorced and resident of 20 Washington St., Apt. PH AB, San Juan, Puerto Rico, 00907.

2. Co-defendant, JOSE J. RIERA CARRION, is of legal age, divorced and resident of 475 48th St., Apartment No. 411, Long Island City, New York, 11109-5505.

3.      Co-defendant, DEBRA KRAMER, Esq. is the interim Chapter 7 Trustee appointed in the bankruptcy case of caption. Her professional address is 98 Cutter Mill Road, Suite 466, South Great Neck, New York, 11021.

## II.     JURISDICTION AND VENUE

4.      This is a complaint to Object to Discharge pursuant to 11 USC § 523 (a) (4), (5), and; (15). Therefore this Court has jurisdiction to entertain this matter pursuant to 28 USC § 157 (b) (1) and 157 (b) (2), and pursuant to Bankruptcy Rule 7001 (1), (2), (6) and (9).

5.      This Court has venue to entertain this matter pursuant to 28 USC § 1409 (a).

## III.    FACTS COMMON TO ALL CAUSES OF ACTION

6.      On July 16th[th], 1993, Plaintiff, MARÍA D. MIRANDA PALACIO and co-defendant JOSE J. RIERA CARRION where married in San Juan, Commonwealth of Puerto Rico.

7.      The parties married in the Commonwealth of Puerto Rico under the community property partnership ("sociedad legal de bienes gananciales").

8.      During their marriage the parties procreated two children, Natalia and Marilyn Riera Miranda, thirteen and ten years old respectively. Both are still dependent of their parents.

9.      During this marriage the dissolved conjugal partnership acquired personal and real property and incurred in debts. Among the property it acquired was Apt. PH-AB, located on 20 Washington Street, San Juan, Puerto Rico. As of the date in which the parties separated, among other assets, they kept substantial investments in stocks of at least two (2) corporations and/or an equity security interests in Pay it Back Inc., a corporation created under the laws of the State of California and in Bergerac Investment Corporation, a corporation created under the laws of the Commonwealth of Puerto Rico.

10. By information and belief, MARÍA D. MIRANDA PALACIO and co-defendant JOSE J. RIERA CARRION are still the owners of 50% common stock of Pay it Back Inc. They are also 100% owners of the common stock of Bergerac Investments Corporation. In addition, they are also own a substantial share of the outstanding preferred stock of Bergerac Investments Corporation.

11. Plaintiff, and co-defendant MARÍA D. MIRANDA PALACIO and co-defendant JOSE J. RIERA CARRION became separated and do not live in the same household since July 2010 and were finally divorced in 2011. The divorced decree was entered by judgment of September 26, 2011 in Civil Case No. KDI 2011-0403 (708), MARÍA D. MIRANDA PALACIO v. JOSE J. RIERA CARRION, issued by the Commonwealth of Puerto Rico, Court of First Instance, San Juan Superior Part. The divorce decree is final.

12. During and after the divorce proceedings the parties could not reach an agreement regarding the final assessment, distribution, and liquidation of the properties and debts of the dissolved conjugal partnership as well as the credits that the Plaintiff could be entitled to. Therefore, on September 18, 2012, Plaintiff MARIA D. MIRANDA PALACIO filed a complaint for the assessment, liquidation and distribution of the conjugal community property in Civil Case No. KAC 2012-0946 (901), filed before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Superior Part, MARÍA D. MIRANDA PALACIO v. JOSE J. RIERA CARRION.

13. By information and belief, prior to the filing of the present Bankruptcy case, defendant JOSE J. RIERA CARRION disposed of substantial community property including all of the stock in Pay it Back Inc., without Plaintiff's consent or knowledge.

14. By information and belief, the conjugal partnership's personal and real property had an estimated valued of not less than $5,000.000.00 at the time of the divorce decree, September 2011.

15. On August 16, 2013 debtor, Defendant JOSÉ J. RIERA CARRION filed a Petition for Relief under Chapter 7, 11 USC §§ 701 et seq. of the United States Bankruptcy Code before this Court.

16.     As of the date of Petition for Relief, the matter related to the liquidation of the community property, which was being tried in the Commonwealth of Puerto Rico, was in the discovery stages. However, on August 26, 2013, judgment was entered by the Commonwealth Court to stay the proceedings pursuant 11 USC § 362.

17.     Pursuant to the judgment entered in Civil Case No. KDI2011-0403 (708), filed before Court of First Instance of the Commonwealth of Puerto Rico, San Juan Superior Part, MARÍA D. MIRANDA PALACIO v. JOSE J. RIERA CARRION, as of the Date of Petition for Relief Debtor owed the amount of $45,473.00 in child and domestic support. Said amount continues to accrue, post petition, in the monthly amount of $3,084.00 also pursuant to the order entered by the Court.

18.     On August 21, 2013 Bergerac Investments Corporation filed a Petition for Relief under Chapter 7 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Puerto Rico. The Petition was filed by the Defendant as President, who in fact has failed to appear to three different scheduled dates of the 11 USC § 341 meeting of creditors in that particular case.

### IV. CAUSES OF ACTION

#### A.     FIRST CAUSE OF ACTION

19.     Paragraphs 1 through 18 are made part hereof.

20.     Pursuant to 11 USC § 523 (a) (4) any debt arising out of defalcation while acting in a fiduciary capacity are non-dischargeable.

21.     By information and belief, between January I, 2009 and August 2013, defendant JOSE J. RIERA CARRIÓN disposed of community property, after separation and the divorce to Plaintiff, without Plaintiff's consent and in violation of his fiduciary duties as custodian of the community property he jointly held with Plaintiff.

22.     Defendant's illegal disposition of community property in which Plaintiff and himself were owners of certain common stock, and other equity security interests, as stated in paragraphs 1 through 21, in violation of his fiduciary duties as custodian of the community property, pre and post

divorce, is non-dischargeable, as such conduct constitutes defalcation and/or embezzlement and/or larceny pursuant to bankruptcy and Commonwealth law.

### B.    SECOND CAUSE OF ACTION

23.    Paragraphs 1 through 22 are made part hereof.

24.    Pursuant to 11 USC § 523 (a) (5), domestic support obligations to a dependent child are non-dischargeable.

25.    Defendant JOSE J. RIERA CARRION as of the present owes Plaintiff child support in the amount of $54,725.00 of which $45, 473.00 are pre-petition.  Said amounts are non-dischargeable and also are entitled to first priority under 11 USC § 507 (a) (1) (A).

### C.    THIRD CAUSE OF ACTION

26.    Paragraphs 1 through 25 are made part hereof.

27.    Pursuant to 11 USC § 523 (a) (15) property distribution claims to a former spouse incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a Court of record  are non-dischargeable.

28.    Defendant JOSE J. RIERA CARRION, by information and belief, has the ability to pay Plaintiff's property distribution claims as alleged hereinafter.

29.    By information and belief, any such payment will not affect his ability to pay his support as there may be more than sufficient community property to pay-off Plaintiff's property interest over the community property listed and/or not listed in the schedules.

30.    Discharging such property distribution debt will result in a benefit to debtor that will outweigh the detrimental consequences to Plaintiff who has custody of two young girls for which Plaintiff has not paid any support approximately since March 2011.

31.    Moreover, Plaintiff made her part in the production of the aforementioned community property and she deserves to have her share adjudicated according to Puerto Rico family law, to wit,

50% of the community property, after the final assessment, distribution, and liquidation of the properties and debts of the dissolved conjugal partnership is performed.

### D.     FOURTH CAUSE OF ACTION; DECLARATORY RELIEF

32.     Paragraphs 1 through 31 are made part hereof.

33.     Pursuant to the allegations set forth in paragraphs 25 through 30, made part hereof, and after the final assessment, distribution, and liquidation of the properties and debts of the dissolved conjugal partnership is performed, this Court should declare that Plaintiff MARIA D. MIRANDA PALACIO is owner in fee simple of 50% of the gross assets of the estate according to the Puerto Rico Civil Code and the applicable case law.

34.     In view of the foregoing the Co-defendant Interim Trustee should be ordered to surrender to Plaintiff 50% of the gross assets of the estate once final assessment, distribution, and liquidation of the properties and debts of the dissolved conjugal partnership is performed.

35.     By information and belief Plaintiff's share over the conjugal community property as pleaded at paragraph 34 is estimated at not less than $2,500,000.00.

36.     According to 11 USC §§ 157 and 1334, Puerto Rico Law applies to all substantive matters pertaining to the conjugal community property and any/or equity security ownership.

### DEMAND FOR JURY TRIAL

Plaintiff demands jury trial in all causes of action pursuant to 28 USC § 1411 (a) and Bankruptcy Rules 9015 and 5005.

Plaintiff reserves the right to amend her pleadings pursuant to any factual findings that may arise during discovery of evidence.

WHEREFORE, PLAINTIFF, MARIA D. MIRANDA PALACIO, respectfully requests from this Court that the Judgment be entered for her pursuant to the allegations set forth in the foregoing Complaint, with such further relief as the Court deems proper and just, including the taxing of costs and attorneys' fees.

CERTIFICATE OF SERVICE: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all CM/ECF participants of the case. This complaint will also be served on the Defendants pursuant to Bankruptcy Rule 7004 (b) once the summons are issued by the Clerk of the Court.

RESPECTFULLY SUBMITTED.

Dated:  November 15, 2013
         San Juan, Puerto Rico

**MANUEL A. SEGARRA-VAZQUEZ LAW OFFICE**
**/s/MANUEL A. SEGARRA-VAZQUEZ**
PO Box 9021115
San Juan, Puerto Rico 00902-1115
Tel. (787) 273-2080/2081
USDC DPR No. 204713
masvlaw@onelinkpr.net
www.masegarralaw.com

*Counsel for Plaintiff María D. Miranda Palacio*